UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JHON EDWARD RENTERIA-BOLANOS**<br>**REG. # 63138-018** | **:** | **DOCKET NO. 2:23-CV-01198**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **F. MARTINEZ, WARDEN** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jhon Edward Renteria-Bolanos. Doc. 1. Renteria-Bolanos is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### I.
#### BACKGROUND

Renteria-Bolanos contends that the Bureau of Prisons ("BOP") has not applied the entirety of his earned First Step Act ("FSA") credits to his sentence and claims he is entitled to immediate release.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Law and Application

Petitioner submits as an exhibit to his petition a copy of his FSA Time Credit Assessment as of July 1, 2023, which demonstrates that 365 days of FSA Time Credit has been applied towards his release. Doc. 1, att. 2, p. 5. He also submits a copy of his Sentence Monitoring Computation Data which establishes that his final statutory release date is March 20, 2025, "with applied FSA credits: 365 days." *Id*. at p. 4.

Petitioner is not entitled to apply any more than 365 credits to reduce his projected release date and effectively receive an early release. Congress explicitly limited the number of credits which may be applied for this purpose:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer

> the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3). In other words, BOP may not reduce an inmate's term of incarceration by applying FTC credits in excess of 12 months, or 365 days. For this reason, the petitioner is not entitled to any further reduction in sentence.

### III.
### CONCLUSION

For the reasons stated above, Renteria-Bolanos's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE